UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JAMES F. OSTERBUR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | Case No. 07-2040 |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

In February 2007, Plaintiff James Osterbur filed a complaint (#1) against Defendant United States of America and the United States Internal Revenue Service (hereinafter "IRS").

In May 2007, Defendant filed a Motion for More Definite Statement, or, in the Alternative, To Dismiss (#10). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion for More Definite Statement, or, in the Alternative, To Dismiss **(#10)** be **GRANTED**.

## I. Background

Plaintiff's complaint expressly states that he is not disputing the amount of his tax. It appears that he may be expressing an objection to the way his tax money is spent. Plaintiff has filed two documents in response to Defendant's motion. *See* #13, #15.

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove

any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must construe it liberally in favor of the plaintiff. *Id.* at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by amendment, a district court may not dismiss the complaint with prejudice, but must allow the plaintiff to amend. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

Defendant argues that the Court should dismiss the complaint for lack of subject matter jurisdiction because Defendant has not waived its sovereign immunity and Plaintiff does not have standing to sue under Article III of the United States Constitution. Alternatively, Defendant asks the Court to require Plaintiff to provide a more definite statement of his claims.

The Court has reviewed Plaintiff's complaint. As noted above, Plaintiff expressly states that he is not disputing the amount of his tax. It appears that he may be expressing an objection to the way his tax money is spent. He has not requested monetary relief. In fact, it is unclear to the Court what relief he is seeking. In his response to Defendant's motion to dismiss, he states, "I am here for a trial . . . I am here to discover the truth, and nothing but the truth, as to the economy, the weapons, the mutilation of nature, the resources, the future, and all that threatens us in this day." (#13, p. 8.)

In addition to the allegations in his complaint, Plaintiff filed a letter on April 9, 2007, stating that the IRS does not have the right to seize his property by levy and asking the Court to intervene to prevent the IRS from seizing his property during the pendency of this suit. (#6.) He

also filed a letter on April 17, 2007, asking this Court to "make the state court produce a judgment or proceed in the case listed as 06 MR 726 filed in November 2006."  (#8, p.1.)

Defendant argues that the Court lacks subject matter jurisdiction over this case because the United States has not waived its sovereign immunity for the types of relief (injunction or declaratory judgment) that Plaintiff appears to be seeking.  *See* 26 U.S.C. § 7421(a); 28 U.S.C. § 2201(a).  As Defendant notes, Congress and the IRS have provided administrative remedies and procedures through which a taxpayer may challenge determinations of liability and methods of collection.  *See* 26 U.S.C. §§ 6213, 6330, 7422(a).

Defendant also explains that Plaintiff has no standing under Article III to assert a claim related to the national debt, the environment, and weapons of mass destruction.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992).

The Court agrees with Defendant's arguments.  Furthermore, Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint is frivolous if it "lacks an arguable basis either in law or in fact").  The Court is mindful of its obligation to liberally construe the pleadings of individuals who proceed *pro se*.  "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable."  *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).  Here, however, the Court can find no potentially meritorious claim in the complaint.  Accordingly, the Court recommends granting Defendant's motion to dismiss.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Motion for More Definite Statement, or, in the Alternative, To Dismiss **(#10)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within

ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

      ENTER this 15th day of May, 2007.

                                                             s/ DAVID G. BERNTHAL
                                                             U.S. MAGISTRATE JUDGE